# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANNETTE J. SZALAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-455-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Nannette J. Szalan requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on October 22, 1956, and was fifty years old at the time of the administrative hearing. She has a high school education and previously worked as a housekeeper and motel housekeeper. The claimant alleges she has been unable to work since October 29, 2004, because of impairment in her back, hips, and knees, arthritis, diabetes, poor eyesight, and high blood pressure.

**Procedural History**

The claimant applied on for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and for supplemental income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on June 15, 2005. Her applications were denied. ALJ Richard J. Kallsnick conducted an administrative hearing and determined the claimant was not disabled in a written opinion dated October 25, 2007. The Appeals Council found that the claimant was disabled as of October 21, 2006 for purposes of Title XVI but denied review of her claim under Title II. The ALJ's written opinion denying benefits under Title II thus represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a limited range of sedentary work, *i. e.*, she could lift, carry, push, or pull 10 pounds occasionally but less than 10 pounds frequently, and stand/walk for 2 hours (but sit for 6 hours) in an 8-hour workday (Tr. 19). The ALJ concluded that although the claimant could not return to any

past relevant work, she was nevertheless not disabled because there was other work she could perform existing in significant numbers in the national economy, *e. g.* food order clerk, assembly jobs, escort driver, masking and polishing labor jobs, and various inspecting jobs (Tr. 22).

## Review

The claimant contends that the ALJ erred by concluding that her testimony was not entirely credible. The undersigned Magistrate Judge finds that the ALJ *did* err in analyzing the claimant's credibility, and the decision of the Commissioner should therefore be reversed and the case remanded to the ALJ for further consideration.

The ALJ summarized the claimant's testimony at the administrative hearing as well as her medical records in his written opinion. Regarding the claimant's credibility, the ALJ concluded "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 20).

A credibility determination is entitled to deference unless the ALJ misread the evidence taken as a whole. *See, e. g., Casias,* 933 F.2d at 801. But a determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Absent close links between an ALJ's findings and evidence *somewhere in the written decision*, a credibility determination amounts to nothing more than unhelpful boilerplate. *See Hardman v. Barnhart,* 362 F.3d 676, 679 (10th Cir. 2004) ("[B]oilerplate language

fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible."), *citing Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001). Rather, "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2.

The ALJ's analysis of the claimant's credibility in this case amounts to the "conclusion in the guise of findings" condemned by *Kepler* and is legally deficient for several reasons. First, the ALJ failed to specify the evidence supporting his findings about the claimant's credibility. *See, e. g., Kepler*, 68 F.3d at 391 (10th Cir. 1995) (The ALJ must "explain why the specific evidence . . . led him to conclude claimant's subjective complaints were not credible."). For example, the ALJ observed that he was not discounting "all of the claimant's complaints," (Tr. 21), but his hypothetical questions to the Vocational Expert (VE) strongly suggest otherwise, *i. e.*, his first hypothetical proposes a person with the RFC he ultimately adopted (which does not include *any* of the claimant's complaints), and his second proposes a person with all the limitations to which the claimant testified. The VE opined that there were jobs available for the first person, but that the second one would "knock out most of the jobs." (Tr. 169). The ALJ also stated as rationale for adopting the RFC he did that it was supported by "objective medical evidence in the record" and "a number of other reasons to reach similar

conclusions (as explained throughout this decision)." (Tr. 21). Such vague justifications simply do not satisfy the requirements of *Kepler* and *Hardeman*.

Second, the ALJ made findings arguably supported by the record but failed to explain how those findings compromised the claimant's credibility, *e. g.*, he noted that the claimant's treatment history was brief and that she did not seek additional treatment for her alleged disabling impairments. But the ALJ did not discuss why the claimant may have failed to take additional treatment, *see Frey v. Bowen,* 816 F.2d 508, 517 (10th Cir. 1987) ("In reviewing the impact of a claimant's failure to undertake treatment on a determination of disability, we consider four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."), *citing Weakley v. Heckler,* 795 F.2d 64, 66 (10th Cir. 1986), or why these factors otherwise made the claimant less credible. *See Kepler,* 68 F.3d at 391 (10th Cir. 1995) (The ALJ must "explain why the specific evidence . . . led him to conclude claimant's subjective complaints were not credible.").

Because the ALJ failed to follow the standards set forth in *Kepler* and *Hardman* in analyzing the claimant's credibility, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case should be remanded to the ALJ for further analysis so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton,* 79 F.3d at 1009. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work, if any, she can perform and ultimately whether she is disabled.

**Conclusion**

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith. The parties shall have fourteen days to file objections to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 16th day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**